**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2743
_____

WELLINGTON GONCALVES DE OLIVEIRA,
                                                            Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of
Order of the Board of Immigration Appeals
(A201-245-547)
Immigration Judge: Jason Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
June 12, 2023
_____

Before: PORTER, FREEMAN, and FISHER,
*Circuit Judges*.

(Filed: July 14, 2023)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Wellington Goncalves de Oliveira petitions for review of the denial of his motion to reopen removal proceedings. Because the Immigration Judge (IJ) properly found that Goncalves de Oliveira did not show prima facie eligibility for humanitarian asylum, we will affirm.

I

Goncalves de Oliveira is a native and citizen of Brazil. He entered the United States in 2000 on a B2 Tourist Visa but voluntarily departed in 2016 after he was placed in removal proceedings for overstaying his visa. While Goncalves de Oliveira was in Brazil, a police officer who had previously assaulted Goncalves de Oliveira's father for "playing his music too loud in his vehicle while parked" threatened to kill Goncalves de Oliveira. A.R. 436. Goncalves de Oliveira believes that the police officer wanted to kill him because he is afraid that Goncalves de Oliveira has been planning to avenge his father. Goncalves de Oliveira illegally returned to the United States five months after his departure by crossing the Mexican border.

Three years later, Goncalves de Oliveira was arrested in New Jersey and placed in removal proceedings for illegally entering the United States. Claiming fear of the Brazilian police officer, Goncalves de Oliveira requested asylum and withholding of removal based on membership in a particular social group. He marked "no" when asked if he or his family belonged to any groups or organizations. He also requested cancellation of removal because it would "result in exceptional and extremely unusual hardship" to his American daughter, who was born in 2014.

2

An immigration judge denied Goncalves de Oliveira's requests for relief and ordered him removed to Brazil on February 14, 2020. Goncalves de Oliveira neither appealed this decision nor petitioned for review. But he was granted an administrative stay of removal for 180 days and released from custody. His son was born that March with a "congenital heart disease" that "will require life-long care by a pediatric cardiologist." A.R. 139.

Goncalves de Oliveira moved to reopen his removal proceedings on November 2, 2020, based on changed country conditions and "other serious harm" that he and his son would allegedly experience in Brazil due to a lack of medical care during the COVID-19 pandemic. In support of his motion, Goncalves de Oliveira submitted evidence of his asthma, his son's severe heart condition, and reports related to COVID-19. The IJ denied his motion to reopen, finding that Goncalves de Oliveira failed to show that he was prima facie eligible for humanitarian asylum. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and added that Goncalves de Oliveira did not present evidence of changed country conditions or demonstrate how he would suffer "other serious harm" upon return to Brazil.

## II

The BIA had jurisdiction over the denial of the motion to reopen under 8 C.F.R. §§ 1003.1(b)(3) & 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252(a).

We review a denial of a motion to reopen for abuse of discretion and findings of fact for substantial evidence. *Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002). We give the BIA's decision "broad deference and generally do not disturb it unless it is

3

arbitrary, irrational, or contrary to law." *Lin v. Att'y Gen.*, 700 F.3d 683, 685 (3d Cir. 2012) (citation and quotation marks omitted). Motions to reopen removal proceedings are generally "disfavored" because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992).

III

Goncalves de Oliveira asserts that the BIA abused its discretion by rejecting his evidence of changed country conditions and by finding that he failed to prove "other serious harm." We need not decide these questions. Goncalves de Oliveira failed to show prima facie eligibility for humanitarian asylum when he did not provide evidence of "past persecution." *See Darby v. Att'y Gen.*, 1 F.4th 151, 161 (3d Cir. 2021) (explaining that the BIA may deny a motion to reopen for at least three reasons: "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if those requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought") (quoting *INS v. Abudu*, 485 U.S. 94, 104 (1988)). For that reason, we will affirm the BIA's removal order.[1]

---

[1] Goncalves de Oliveira also asserts that the BIA erred by not considering his request for withholding of removal. The standard for withholding of removal "is higher than the asylum standard; thus, an alien who fails to establish asylum eligibility necessarily fails to demonstrate a 'clear probability' of persecution, as required for withholding of removal." *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (quoting *Toure v. Att'y Gen.*, 443 F.3d 310, 317 (3d Cir. 2006)).

Goncalves de Oliveira is exempt from the 90-day filing deadline for motions to reopen because he requested humanitarian asylum based on changed country conditions that were unavailable at his previous removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(3)(ii). Because he claimed past persecution in his asylum request, we proceed under the framework of 8 C.F.R. § 1208.13(b)(1).

First, Goncalves de Oliveira must "establish that he . . . has suffered persecution in the past . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(1). We presume that such asylees have a "well-founded fear of persecution on the basis of the original claim." *Id.* The government can rebut this presumption by showing that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" in his home country, or that "[t]he applicant could avoid future persecution by relocating to another part of" his home country. *Id.* § 1208.13(b)(1)(i). If the government rebuts the presumption, the alien can re-establish a well-founded fear of persecution by "demonstrat[ing] compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or showing "that there is a reasonable possibility that he or she may suffer *other serious harm* upon removal to that country." *Id.* § 1208.13(b)(1)(iii) (emphasis added).

By requesting asylum for "other serious harm," without first establishing past persecution, Goncalves de Oliveira is attempting to take an unauthorized shortcut. We only consider whether an alien has a well-founded fear of persecution based on "other serious harm" if he has already established past persecution. *In re L-S-*, 25 I. & N. Dec.

5

705, 710 (BIA 2012) ("We emphasize that every asylum applicant who arrives at this stage of the analysis has demonstrated past persecution and thus has proven he or she is a 'refugee.'").

Goncalves de Oliveira failed to establish past persecution in his initial removal proceedings. On his application for asylum, Goncalves de Oliveira alleged membership in a particular social group and past harm to him and his father. His request was denied, and he never appealed.

Goncalves de Oliveira abandoned his argument of past persecution in reopening proceedings. In his motion to reopen, he asserted that he and his son faced "other serious harm" in Brazil because of the COVID-19 pandemic. In his appeal, Goncalves de Oliveira claimed that it was legal error for the IJ to require a showing of past persecution because he could show "other serious harm" instead. In his petition for review, Goncalves de Oliveira acknowledges the BIA's finding that he failed to prove past persecution. But rather than explain how his past harm rises to the level of persecution or how his particular social group has been targeted for abuse, he simply directs our attention to the evidence he presented in his asylum application and then returns to the argument that he and his son's medical issues were sufficient evidence of "other serious harm."

The government asserts that we lack jurisdiction to consider whether Goncalves de Oliveira established past persecution because he failed to exhaust this issue before the agency. Respondent's Br. 19–20 (citing 8 U.S.C. § 1252(d)(1)). But "§ 1252(d)(1)'s exhaustion requirement is not jurisdictional." *Santos-Zacaria v. Garland*, 143 S. Ct.

6

1103, 1116 (U.S. 2023). Even so, we need not decide whether Goncalves de Oliveira exhausted his past persecution argument, or the impact of his failure to exhaust, because he cannot prevail on the merits.

The record supports the findings by the IJ and BIA that Goncalves de Oliveira failed to show past persecution. First, Goncalves de Oliveira did not show that he was "targeted for mistreatment on account of a protected ground." *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 482 (3d Cir. 2022). In his initial asylum application, he claimed persecution on account of his membership in a particular social group, but he did not identify one. In his petition, he claims to be a member of two social groups: "family members of individuals subjected to police brutality" and "individuals who received death threats based on participation in proceedings against police officers in Brazil." Pet'r's Br. 16. These are not cognizable social groups. *See In re M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014) ("[A] social group cannot be defined exclusively by the fact that its members have been subjected to harm." (citation omitted)).

Second, Goncalves de Oliveira did not show that "the mistreatment rose to the level of persecution." *Hernandez Garmendia*, 28 F.4th at 482. Goncalves de Oliveira claimed that he was persecuted in the past when a police officer assaulted his father and when that same police officer threatened to kill him. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir. 2007) (citation and quotation marks omitted). "[W]e have limited the type of threats constituting persecution to only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering

7

or harm." *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006) (citation and quotation marks omitted). And "we have refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien." *Id.*

Finally, Goncalves de Oliveira did not show, or even attempt to argue, that the harm "was committed by the government or forces the government is unable or unwilling to control." *Hernandez Garmendia*, 28 F.4th at 482. By his own testimony, the police officer was "off-duty" when he assaulted Goncalves de Oliveira's father. And there is no indication that the government would be unable or unwilling to control the police officer. Neither the assault nor the threat was reported to government officials, and Goncalves de Oliveira did not present any evidence that a report would have been ineffectual. *See Doe v. Att'y Gen.*, 956 F.3d 135, 146 (2020).

Goncalves de Oliveira is correct that, "in extreme circumstances, harm resulting from the unavailability of necessary medical care could constitute 'other serious harm.'" *Pllumi v. Att'y Gen.*, 642 F.3d 155, 162 (3d Cir. 2011). But we need not consider Goncalves de Oliveira's arguments based on the availability of medical care because he failed to demonstrate past persecution under step one of 8 C.F.R. § 1208.13(b)(1).

## IV

For the reasons stated above, we will deny the petition for review.